IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| United States of America, | Cr. No. 3:00-626-CMC |
|---|---|
| v. | |
| Brian Peter Zater, | Opinion and Order |
| Defendant. | |

This matter is before the court on Defendant's motion pursuant to Fed. R. Civ. P. 60(b)(6). ECF No. 211. Defendant's motion argues a defect exists in the Order granting summary judgment for the Government on his original motion pursuant to 28 U.S.C. § 2255. Specifically, Defendant argues the court was in error when it ruled an argument in his previous § 2255 motion was procedurally defaulted. *Id.* at 14. He also argues his sentence should be reduced based on the Supreme Court's decision in *Dean v. United States*, 581 U.S. ___, 137 S. Ct. 1170 (2017) and a New York District Court's decision in *United States v. Holloway*, 62 F. Supp. 2d 310 (E.D.N.Y. 2014). The Government filed a motion to dismiss and a memorandum in support, arguing Defendant's motion is, in reality, a second or successive motion under § 2255 and therefore should be dismissed. ECF Nos. 216, 216-1. The Government also argued Defendant's motion is untimely and not a proper Rule 60(b) motion, and that the *Holloway* Doctrine should not apply to Defendant's case. Defendant filed a response, requesting the court "apply equitable principles to grant him the requested relief" and "issue an order on the government requesting it to exercise its authority to not oppose an equitable reduction in Zater's sentence." ECF No. 220 at 1, 2.

> Federal Rule of Civil Procedure 60(b)(6) allows for relief from a final judgment for 'any other reason that justifies relief.' While this catchall reason includes few textual limitations, its context requires that it may be invoked in only 'extraordinary

circumstances' when the reason for relief from judgment does not fall within the
list of enumerated reasons given in Rule 60(b)(1)-(5).

*Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011). A 60(b)(6) motion must be filed on "just terms," within "a reasonable time," and "have a meritorious claim or defense and that the opposing party not be unfairly prejudiced by having the judgment set aside." *Id.* (citing *Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4th Cir. 1993)). A "Rule 60(b) motion that challenges 'some defect in the integrity of the federal habeas proceedings' . . . is a true Rule 60(b) motion . . ." *United States v. McRae*, 793 F.3d 392, 397 (4th Cir. 2015) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005)).

1. Classification of Motion: Rule 60(b) vs. § 2255

The Fourth Circuit Court of Appeals has directed that district courts ascertain and address whether Rule 60(b) motions are, in reality, second or successive motions under § 2255. *See United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003); *see also Gonzalez v. Crosby*, 545 U.S. at 531-32. "[A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion for reconsideration." *Winestock*, 340 F.3d at 207; *see also McRae*, 793 F.3d at 397 (holding a true Rule 60(b) motion "challenges some defect in the integrity of the federal habeas proceedings.").

Defendant argues an issue in his original § 2255 motion was incorrectly determined to be procedurally defaulted, was not adjudicated on the merits, and therefore summary judgment should not have been granted. ECF No. 211. Specifically, Defendant contends he should have been granted a downward departure at sentencing, but was not and Judge Shedd erred when he determined he had no discretion as to Defendant's sentence due to the mandatory nature of the

guidelines and the mandatory minimum sentences that were to be imposed consecutively under § 924(c). Defendant states he raised this issue on appeal, but the appeal was dismissed as it was untimely filed. He also raised the downward departure issue in his initial § 2255 motion, but it was determined to be procedurally defaulted because it was not heard on direct appeal. *See* C/A No. 3:02-cv-958, ECF No. 31 (D.S.C. Dec. 17, 2002). The Government argues Defendant's motion attacks his sentence and the court's previous resolution of a claim on the merits, and thus is not a true Rule 60(b) motion but a § 2255 motion. ECF No. 216-1 at 8.

Although this issue appears to be related to Defendant's sentence, as he contests the court's findings at sentencing, it is framed by Defendant as an attack on the procedural default ruling in his initial § 2255 motion. As noted by the Supreme Court, procedural default is not an "on the merits" ruling. *See Gonzalez*, 545 U.S. at 532 n.4 (A defendant is not making a habeas corpus claim when he "merely asserts that a previous ruling which precluded a merits determination was in error – for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar."). Therefore, this claim is properly brought under Rule 60(b), and is not a § 2255 motion, to the extent Defendant attacks the court's previous procedural default ruling.[1]

2. Timeliness

However, even though this motion is, at least in part, one properly brought under Rule 60(b), the court finds it untimely. As Defendant notes, his initial § 2255 motion was dismissed on December 17, 2002. Defendant now attacks this ruling, contending the downward departure issue should not have been found to be procedurally defaulted. He argues his motion should be considered timely "due to the extraordinary facts and circumstances of [his] case" and cites *Dean*

---

[1] Defendant's other claims, based on *Dean* and *Holloway*, will be discussed further below.

3

and *Holloway* as examples of such changed circumstances that could not have been brought in such a motion previously. ECF No. 211 at 5-6. The Government argues this motion is untimely, although it does so in the context of a § 2255 motion as it contends this motion should be considered one under § 2255. ECF No. 216-1 at 5.

"Rule 60(c)(1) requires that 60(b) motions be made within a reasonable time, and the movant bears the burden of showing timeliness." *Moses v. Joyner*, 815 F.3d 163, 166 (4th Cir. 2016) (internal citations omitted). Defendant challenges a ruling made in his initial § 2255 motion, which was denied in December 2002. Such a challenge is clearly untimely as nearly 16 years have expired following the ruling. Defendant then attempts to tie *Dean*, which was decided in April 2017, to his argument to render it timely.[2] However, Defendant filed his motion over a year after *Dean* was decided.[3] *See Moses*, 815 F.3d at 166-67 (finding Rule 60(b)(6) motion untimely when filed over fifteen months after a change in the law, and citing two other cases finding a year delay too long) (citing *Taylor v. Wetzel*, No. 4:CV-04-553, 2014 WL 5242076, at *8 (M.D. Pa. Oct. 15, 2014) and *Henness v. Bagley*, No. 2:01-cv-043, 2013 WL 4017643, at *11 (S.D. Ohio Aug. 6, 2013)). Therefore, the court finds Defendant's Rule 60(b) motion untimely.

---

[2] Defendant also cites *Holloway* as a "circumstance" of his case rendering his motion timely. *Holloway* was decided in 2014.

[3] To the extent Defendant's substantive (as opposed to timeliness) arguments are based on *Dean*, the court notes a motion based on a change in substantive law governing a claim is, in substance, a habeas petition and not a true Rule 60(b) motion. *Gonzalez*, 545 U.S. at 531-32. A § 2255 motion filed by Defendant would be successive and therefore would require permission from the Fourth Circuit before filing in this court.

4

### 3. *Holloway* Doctrine

Finally, to the extent Defendant's motion relies on *Holloway* and not Rule 60(b), the court denies relief. The "*Holloway* Doctrine" stems from a case in the Eastern District of New York in which the prosecutor agreed the defendant's sentence was too harsh due to the stacking of charges under 18 U.S.C. § 924(c). *United States v. Holloway*, 68 F.Supp.3d 310 (E.D.N.Y. 2014). The court asked the United States Attorney "to consider exercising her discretion to agree to an order vacating two or more of Holloway's 18 U.S.C. § 924(c) convictions." *Id.* at 314. Based on an "extraordinary" Bureau of Prisons record and lack of opposition (and in some cases, affirmative support) from the victims of Holloway's crimes, the United States Attorney notified the court she would not oppose Holloway's § 2255 motion "for the purpose of vesting the court with authority to vacate two of the 924(c) convictions, and to proceed to resentence." *Id.* at 315. The court specifically noted "the authority exercised in this case will be used only as often as the Department of Justice itself chooses to exercise it, which will no doubt be sparingly." *Id.* at 316.

The "*Holloway* Doctrine" does not allow this court to modify Defendant's sentence. To the extent this claim could be construed as one under § 2255, the court notes it would be successive and thus subject to pre-filing certification by the Fourth Circuit Court of Appeals.

Title 18 United States Code § 3582(c) limits the court's authority to modify a final judgment that includes a sentence of imprisonment to three specific circumstances. *See* 18 U.S.C. § 3582(c). The court can modify a judgment (1) upon motion of the Director of the Bureau of Prisons ("BOP") for statutorily-specified reasons, including "extraordinary and compelling reasons;" (2) upon motion of the government for substantial assistance; or (3) upon motion of the defendant or the BOP, or upon the court's own motion, because of a subsequent lowering of the applicable sentencing range. *Id.* None of these provisions apply to Defendant's request.

Apart from 18 U.S.C. § 3582, a district court has no jurisdiction to alter a defendant's term of imprisonment except as authorized by Rule 35(a) or 18 U.S.C. § 3742. Rule 35(a) of the Federal Rules of Criminal Procedure permits a court to "correct a sentence that resulted from arithmetical, technical, or other clear error" within fourteen days after the oral announcement of the sentence. *See* Rules 35(a) and (c), Fed.R.Crim.P. Defendant's sentence was orally announced on March 28, 2001, and, accordingly, the deadline for any action by the court on a Rule 35(a) motion is well past. Therefore, the court is without jurisdiction to act upon Defendant's motion in this regard.

After an appeal, the court can modify a sentence if the sentence is found by the appellate court to have been imposed in violation of law or imposed as a result of an incorrect application of the sentencing guidelines, as provided for in 18 U.S.C. § 3742. Defendant's appeal was dismissed by the Fourth Circuit. ECF No. 122.

For the reasons above, the court lacks jurisdiction to reduce Defendant's sentence under the *Holloway* doctrine.

4. Conclusion

Defendant is not entitled to relief on the basis of any argument raised. Therefore, the Government's motion to dismiss is granted, and this motion is dismissed with prejudice.

**CERTIFICATE OF APPEALABILITY**

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
October 1, 2018